## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JORDAN F. DAVIS**
**On Behalf of Herself**
**and All Others Similarly Situated,**

<table>
<tr><td>**Plaintiff**</td><td>**PROPOSED CLASS ACTION**</td></tr>
<tr><td></td><td>Case No.<br>Hon.<br>Magistrate Judge:</td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>**ENERSON LAW, LLC and**<br>**CACH, LLC**</td><td></td></tr>
<tr><td>**Defendant.**</td><td></td></tr>
</table>

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JORDAN F. DAVIS (Hereinafter termed "Plaintiff" or "Davis"), on behalf of themselves and all others similarly situated, and by way of this Class Action Complaint against Defendant ENERSON LAW, LLC ("Enerson") and CACH, LLC ("CACH") and state:

### I. PRELIMINARY STATEMENT

1.    Plaintiff, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.    Defendants are filing debt collection lawsuits and threatening Michigan residents

with lawsuits and threats of lawsuits throughout Michigan based upon SallieMae debt they don't own, have not been assigned, are not in the chain of title to prove ownership or have standing to sue upon. Defendants own lawsuits don't allege ownership or transfer of ownership to them. See **Exhibit 3**.

3.     The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Michigan Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

4.     Such violative collection practices include, *inter alia*, sending consumers written communications that:

    (a)     Make false, deceptive, and misleading representations that Defendants are allowed and permitted to sue Michigan Residents that based upon student loan debt have no standing to sue upon. Examples of the debt are at **Exhibit 2**; and

    (b)     Collecting and attempting to collect a debt based upon a note not assigned or sold to Defendants. See Examples at **Exhibit 1 and Exhibit 2**.

    (c)     The class members include all Michigan consumers that received a letter or a lawsuit from Defendants in the form of **Exhibit 1** and **Exhibit 3** and/or were sued and/or sued which resulted in a judgment based upon student loan debt not owned by or assigned to Defendants or that Defendants had the no right to collect upon.

    (d)     Michigan residents are being forced or threatened into payment plans with Defendants on debts Defendants have not proof or ownership or assignment to act or sue upon.

5.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

6.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

9.      The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications... In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

10.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court given how Plaintiff and class members are damaged in being sued by debt collectors with no standing to sue upon the alleged student debt in violation of the FDCPA, RCPA, and all other common law or statutory regimes.

11.     This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. The Regulation of Collection Practices Act, (RCPA) codified at MCL 445.251 et seq., deals with debt collection practices by "regulated persons" in the State of Michigan. The RCPA applies to debt

collectors, banks, and a range of other creditors.

## II. PARTIES

12.     Plaintiff Davis is a natural person and consumer and resided in the City of Troy, County of Oakland, and State of Michigan.

13.     At all times relevant to this complaint, ENERSON LAW, LLC ("ENERSON") is a debt collector law firm engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA located in the State of Wisconsin with a satellite office at Farmington Hills in Oakland County.  Their website states:

> What is Enerson Law?
>
> We are a law firm hired by SquareTwo Financial and its subsidiaries to attempt to resolve your consumer or commercial debt. We want to work with you to create a payment solution that is appropriate for your unique financial situation. If you have received a letter or phone call from our office, we invite you to contact us today so we can try to help you resolve your account.
> **Please see Exhibit 4**

14.     CACH is a debt collector and debt buyer located in an address of 4340 S. Monaco, 2nd FL, City of Denver, State of Colorado, and is a debt collector that purports to purchase default student loan debt prior to having Enerson Law prosecute lawsuits based upon the student loan debt similar to the Sallie Mae debt at **Exhibit 2**.  The Enerson Law website identifies who CACH is:

> What is CACH or CACV of Colorado
>
> CACH, LLC, CACV of Colorado, LLC or one of SquareTwo Financial's other subsidiaries, now owns your debt. This subsidiary has purchased your debt from your prior creditor. In other words, your account is no longer owed to your prior creditor. You are still responsible for your debt, but now you owe the subsidiary the money needed to resolve your unsettled financial obligation.
> **Please see Exhibit 4**

## III. JURISDICTION & VENUE

15.     Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

16.    The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367.

17.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

18.    Plaintiff allegedly incurred a financial obligation to SallieMae based upon two promissory notes that were unsigned on March 3, 2007 and May 12, 2007. **Please see Exhibit 2**.

19.    Because of financial hardship, Ms. Johnson was unable to make her installment payments and defaulted on the Obligations. At some point after Plaintiff's alleged default, Plaintiff received letters from CACH through attorney law offices.

20.    The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a (5).

21.    The alleged Obligation is a "claim" or "debt" as defined by MCL 445.251(a).

22.    Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

23.    Plaintiff is, at all times relevant to this complaint, a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

24.    The Application for the promissory notes at **Exhibit 2** both stated that the loan was from the creditor, SallieMae:

True and Exact Copy of the Original

| Signature Student Loan® | | | SallieMae | Academic Year 2006-2007 |
|---|---|---|---|---|
| Application and Promissory Note For Loan Applications Received by May 31, 2007 | 1-800-377-4310 | XS | | 9009770000 |

The address of SallieMae is in Gainesville, State of Florida and listed on the bottom of the Applications:

I hereby certify that the Borrower is eligible for a Signature Student Loan; that the Total Certified Amount does not exceed the student's cost of attendance minus other financial aid; that the School will, at the request of the lender, provide the lender with subsequent information regarding the Borrower's whereabouts; that this School will comply with all applicable loan policies and provisions; and that information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

Authorized school official                Print or type                                              Phone
Sign and date:                              name and title
ONWLD_SW13    Return Application To: Sallie Mae  PO Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2005-06)    App Code: ICECO601  Prom Note Code: XXEP0625

**Please see Exhibit 2**.

25.    At the time of the creation of the Obligations listed at **Exhibit 2**, SallieMae was known by the name SLM Corporation and Sallie Mae Bank.

26.    Together, Defendants Enerson and CACH are suing Michigan residents like Ms. Davis based upon student loan debt they claim to have purchased from a SLM Education Credit Finance Corporation. A typical Sale Agreement that Defendants state evidences their right to sue on the purchased debt like the one at **Exhibit 2** states,

**EXHIBIT B**
**BILL OF SALE AND ASSIGNMENT**

SLM EDUCATION CREDIT FINANCE CORPORATION ("Seller") for value received and pursuant to the terms and conditions of that certain Charged Off Educational Loan Portfolio Purchase and Sale Agreement dated as of October 1, 2012, between Seller and CACH, LLC ("Purchaser") ("Purchase Agreement"), hereby assigns effective as of the 1st of October all rights, title, and interest of Seller in and to those certain receivables, judgments or evidences of debt described in Exhibit A attached hereto and made a part hereof for all purposes.

Please see **Exhibit 5** representing the "Sale" of the two promissory notes of **Exhibit 2** to CACH, LLC.

27.    There is no SLM Education Credit Finance Corporation in the chain of title or assignment from SallieMae that grants SLM Education Credit Finance Corporation the power to sell the debt to CACH.

28.    There is no SLM Education Credit Finance Corporation listed as a corporation in the State of Florida (the Gainesville, Florida address of SallieMae), in Michigan where Michigan Residents are being sued upon this debt or in Colorado or Wisconsin where Defendants are located.

29.    Defendants are suing Michigan residents for defaulted student loan debt without ownership of the debt or standing to sue upon the debt in Michigan court rooms through examples of lawsuits at **Exhibit 3**.

30.    Defendants are obtaining judgments against Michigan residents based upon student loan debt without ownership of the debt or standing to sue upon the debt in Michigan court rooms.

31.    Defendants are threatening to sue upon student loan debt against Michigan residents that Defendants have no right to sue upon and to settle debts with a threat, forcing Michigan residents to make payment arrangements with them.

32.    Even the form or template complaint Defendants rely upon to sue Michigan residents (**Exhibit 3**) does not allege it has the right to sue upon the debt, owns the debt or has been assigned the debt:

-8-

AMENDED    COMPLAINT

Plaintiff, CACH, LLC, by ENERSON LAW, LLC and through its undersigned counsel, for its Complaint in the above-captioned matter, states as follows:

1.    Defendant(s), JORDAN F DAVIS currently resides in the State of Michigan, vesting this Honorable Court with personal jurisdiction under MCL 600.701.

2.    The amount in controversy in this action is within the subject matter jurisdiction of this Honorable Court under MCL 600.8301 and venue is proper under MCL 600.1621 via MCL 600.8312(5).

### BREACH OF CONTRACT

3.    Defendant(s) entered into a contractual loan agreement with Plaintiff or Plaintiff's assignor to borrow money in accordance with the terms and conditions of the agreement attached, See Exhibit A.

4.    Per the terms and conditions of the agreement, Defendant(s) was to repay the principal amount financed, plus applicable interest and late fees, as provided for in the fee schedule.

5.    However, Defendant(s) defaulted under the terms and conditions of the agreement by failing to make the requisite payments.

6.    As a result of the failure to pay, the amount currently due and owed to Plaintiff is

WHEREFORE, Plaintiff, CACH, LLC, respectfully requests that this Honorable Court enter Judgment in its favor against Defendant(s), JORDAN F DAVIS in the amount of $‾‾‾‾ and costs, and a statutory attorney fee/other sundry fee.

Dated: 6/15/16

Respectfully Submitted,

ENERSON LAW, LLC
ATTORNEYS IN THE PRACTICE OF DEBT COLLECTION

By:

Choi Portis, Of Counsel #77123
David J. Canine, Of Counsel #P61828
30150 Telegraph, Suite 444
Bingham Farms, MI 48025-4519
(855) 517-6279 *Attorney Direct Phone No. (248) 737-4999*

*Court Original*

33.    Defendants are filing debt collection lawsuits and threatening Michigan residents with lawsuits throughout Michigan based upon SallieMae debt they don't own, have not been assigned, are not in the chain of title to prove ownership or have standing to sue upon.  Both the FDCPA and RCPA class represent Michigan residents subject to this wrongful collection activity by Defendants.

34.    This Class Action is founded upon the fact that Defendant violated the FDCPA and RCPA in letters and lawsuits to the Plaintiff and the class members also, *inter alia*, that demand that Michigan residents pay upon debts Defendants don't have the right to sue upon as

there is no assignment or transfer from the Original Creditor.

## V. CLASS ALLEGATIONS

35.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36.     Plaintiff seeks to certify two classes as set forth, and defined, *infra*.

37.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom Defendants sent a written communication or lawsuit materially like the form attached as **Exhibit 1 and 3**; (c) in an attempt to collect student loan debt on behalf of CACH that CACH claims to have purchased from SLM Education Credit Finance Corporation even though the corporation SLM Education Credit Finance Corporation does not exist in the chain of title ownership or assignment chain with the Original Creditor, SallieMae; (d) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

38.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom Defendants sent a written communication or lawsuit materially like the form attached as **Exhibit 1 and 3**; (c) in an attempt to collect student loan debt on behalf of CACH that CACH claims to have purchased from SLM Education Credit Finance Corporation even though the corporation SLM Education Credit Finance Corporation does not exist in the chain of title ownership or assignment chain with the Original Creditor, SallieMae; (d) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action.

39.     The identities of all class members are readily ascertainable from the business

records of Defendants and/or the known or unknown creditors that Defendants collect "purchased" school obligations from.

40.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

41.    There are questions of law and fact common to First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications and lawsuits, in the form attached as **Exhibit 1 and Exhibit 3**, violate 15 U.S.C. §§ 1692e, 1692d, 1692e(2)(A) and (B), 1692e (5), 1692e (10), 1692f, and 1692f (1).

42.    There are questions of law and fact common to Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 1 and Exhibit 3**, violate MCL 445.251(a), (e), (f), (n) and (q).

43.    The Plaintiff's claims are typical of the class members, as all claims are based upon the same facts and legal theories.

44.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

45.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications, in the form attached as **Exhibit 1 and Exhibit 3**, violate 15 U.S.C. §§ 1692e, 1692d, 1692e(2)(A) and (B), 1692e (5), 1692e (10), 1692f, and 1692f (1) as well as MCL 445.251(a), (e), (f), (n) and (q).

    (c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein: Is each class member being sued or threatened by Defendants based upon false ownership of debts and **Exhibit 1 and 3**.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46.  Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who collect debts throughout the United States of America.

47.  Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that Defendants' written communications and lawsuits and lawsuit threats in the form attached as **Exhibit 1 and 3**, the RCPA and FDCPA and would permit Plaintiff and the Plaintiff Classes to obtain injunctive relief pursuant to MCL 445.257(1).

48.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49.  Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

-13-

50.    Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

51.    Defendants violated the FDCPA. Defendants' violation, with respect to their written communications in the form attached as **Exhibit 1 and Exhibit 3** statewide include, but are not limited to, the following:

(a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

(b)    Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A) and (B) in **Exhibit 1** and **Exhibit 3** statewide; and

(c)    Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B); and

(d)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e (10); and

(e)    Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f and f (1) through **Exhibit 1** and **Exhibit 3**; and

(f)    Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1); and

(g)    Making collection attempts, threats upon Michigan residents to sue and suing

Michigan residents based upon debts Defendants don't own or have assignment in violation of 15 U.S.C. §§ 1692e (5).

## VII.  SECOND CAUSE OF ACTION

(The Regulation of Collection Practices Act, (RCPA))

52.      Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

53.      Defendants violated MCL 445.251(a), (e), (f), (n) and (q) with the forms and templates attached as **Exhibit 1 and 3** including that attempt to collect and sue upon debts they do not own or have standing to sue upon as outlined above.

## VIII. PRAYER FOR RELIEF

54.      WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.      **For the FIRST CAUSE OF ACTION:**

(i)      An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined *supra*;

(ii)      An award of the maximum statutory damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)      An award of actual damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iv)      For declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection letters and lawsuits, examples of which is attached hereto as **Exhibit 1**

**and 3**, and which is complained of herein, violates the FDCPA;

(v)  Damages for losing the opportunity and chance to matriculate in school because of the increased cost of paying off the debt created by ERS;

(vi)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vii)  For such other and further relief as may be just and proper.

B.  **For the SECOND CAUSE OF ACTION:**

(i)  An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and MCL 445.257 and appointing Plaintiff and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(ii)  An award of statutory and/or actual damages for Plaintiff and the Second Plaintiff Class, including all amounts collected for the defaults or payment plans as a result of receiving documents such as **Exhibit 1** and **Exhibit 3** pursuant to MCL 445.257(2) in an amount to be determined by the Court on Motion or at trial;

(iii)  For injunctive relief for Plaintiff and the Second Plaintiff Class pursuant to MCL 445.257(1);

(iv)  For declaratory relief, pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that Defendants' collection conduct complained of herein violates the violates the RCPA using **Exhibit 1** and **Exhibit 3**;

(v)  Attorney's fees, litigation expenses, and costs pursuant to MCL 445.257(2); and

(vi)  For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

/s/ Brian P. Parker
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, Suite 1900
Southfield MI 48075
Telephone: (248) 642-6268
Facsimile:  (248) 659-1733
E-Mail: brianparker@collectionstopper.com

Attorneys for Plaintiff, Jordan F. Davis, and all
others similarly situated

Respectfully submitted this 2nd Day of January 2, 2017.